Filed 10/16/25  P. v. McClung CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C101018 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-185347) |
| v. | |
| BRADLEY JAMES McCLUNG, | |
| Defendant and Appellant. | |

This is defendant Bradley James McClung's second appeal after a jury found him guilty of several felony offenses related to a severe and prolonged beating of Steven I. Defendant waived jury trial on his prior convictions.  The trial court found he had two prior strike convictions, including one for battery with serious bodily injury, and imposed a "Third Strike" sentence of 52 years to life, plus 13 years.  In his first appeal, defendant challenged various aspects of that sentence.  We concluded the trial court erred under Penal Code[1] section 654 and remanded the matter for resentencing.  (*People v. McClung*

---

[1]      Undesignated statutory references are to the Penal Code.

(Oct. 23, 2023, C097590) [nonpub. opn.] (*McClung I*).)[2] Defendant appeals from that resentencing.

In this second appeal, defendant challenges the trial court's imposition of a Third Strike sentence. He claims his prior conviction for battery with serious bodily injury is not a strike pursuant to *In re Cabrera* (2023) 14 Cal.5th 476 (*Cabrera*) because serious bodily injury is not equivalent to great bodily injury. We conclude because defendant failed to raise this claim in his original appeal, he has forfeited the right to raise it now. Accordingly, we affirm.

We have found a clerical error in the abstract of judgment that requires correction.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the facts underlying defendant's substantive convictions in this case is unnecessary to our resolution of the claims on appeal.

I

*2009 Battery With Serious Bodily Injury Conviction*

In 2009, a complaint charged defendant with battery with serious bodily injury and alleged the offense was a serious felony. (§ 1192.7, subd. (c)(8) ["any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice"].) Defendant pled guilty to battery with serious bodily injury and admitted he had a 2003 prior strike conviction for first degree burglary. The parties agreed defendant would be sentenced to "a low-term lid, which would be four years."[3]

---

[2]    We treated defendant's request for judicial notice as a request to incorporate by reference the record in his prior appeal, case No. C097590, and as such granted the request.

[3]    The sentencing triad for section 243, subdivision (d) is two, three, or four years. Accordingly, the only way to reach a low-term four-year sentence would be to impose the low term of two years, doubled pursuant to the strike. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

In taking the plea, the trial court noted that battery with serious bodily injury was alleged as a strike, but not "everybody" agreed it constituted a strike and suggested the prosecution describe the injuries in its description of the offense. The prosecution stated the factual basis, as reflected in a police report and medical records, was that the victim was in a bathroom stall when defendant kicked in the door of the stall. The door swung open and hit the victim in the head and knee. Defendant fled. "The defendant [*sic*] was taken to the hospital via ambulance. He had a head laceration that had to be closed with staples and a contusion to his knee." Defense counsel stipulated the factual elements of a violation of section 243, subdivision (d) had been met. The trial court sentenced defendant in accordance with the plea agreement to a second strike term of four years. Defendant appealed that conviction, arguing the trial court abused its discretion in failing to dismiss his prior strike conviction. He did not otherwise challenge the sentence imposed. (*People v. McClung* (Mar. 10, 2011, C063996) [nonpub. opn.] (*McClung II*).)[4] We affirmed the judgment. (*Ibid.*)

II

*2022 Convictions*

Early one morning in 2022, defendant "entered Steven I.'s home and while severely beating Steven for approximately one hour, repeatedly claimed that he was sent by God to kill Steven." (*McClung I, supra*, C097590.) A jury found him guilty of several felony offenses, including attempted murder and criminal threats. (*Ibid.*)

Defendant waived his right to a jury trial as to the two prior strike conviction allegations and on November 18, 2022, the trial court held bifurcated proceedings on those allegations. As to defendant's prior conviction for battery with serious bodily injury under section 243, subdivision (d), the prosecution argued this conviction

---

[4]    On the court's own motion, we incorporate by reference our prior opinion in case No. C063996.

3

constituted a strike under section 1192.7, subdivision (c)(8), contending serious bodily injury was equivalent to great bodily injury. Defense counsel argued that a conviction for battery with serious bodily injury was not a strike. And he noted that although defendant was advised the offense could be a strike, he did not admit to the offense as a strike. Defense counsel also relied on an apparent misstatement by the prosecutor in stating the factual basis for the plea—that defendant was taken to the hospital in an ambulance—to claim that the factual basis at the original plea hearing was not sufficient evidence to demonstrate that defendant personally inflicted great bodily injury. The prosecution acknowledged the prosecutor misspoke as to the factual basis, but contended the prosecutor had clearly meant the victim was taken to the hospital, since the facts were clear that defendant kicked in the door of a bathroom stall, the door swung open and hit the victim in his head and knee. The prosecution also claimed the factual basis was unnecessary, as defendant pled to violating section 243, subdivision (d) and therefore admitted great bodily injury was inflicted on the victim.

The trial court found the factual basis of the plea for battery with serious bodily injury was "sufficient to indicate that that conviction was a serious bodily injury conviction in which . . . defendant personally inflicted serious bodily injury. The factual basis supports that." The court also noted, "[I]n subsequent cases [defendant] has admitted that very conviction as a serious felony for purposes of the strike law for enhancement of a sentence."[5] Accordingly, the court found the two prior strike allegations true.

The trial court then sentenced defendant to a third strike aggregate term of 52 years to life, plus 13 years.

---

[5] The record on appeal does not contain these admissions.

4

*2022 Appeal*

Defendant appealed from the 2022 judgment. His opening brief was filed March 22, 2023. In his opening brief, defendant claimed the trial court made numerous sentencing errors, specifically: (1) failing under section 654 to stay sentence on either the attempted murder or criminal threats conviction; (2) imposing two five-year prior serious felony conviction enhancements in violation of section 1385, subdivision (c); and (3) imposing multiple enhancements in violation of section 1385, subdivision (c). In supplemental briefing filed June 28, 2023, defendant also argued the trial court erred in failing to stay the great bodily injury enhancement attendant to a substantive assault conviction that was stayed. We concluded the trial court erred under section 654 and remanded the matter for full resentencing. (*McClung I*, *supra*, C097590.)

IV

*2024 Resentencing*

At the April 2024 resentencing, defendant personally addressed the trial court and stated, "[T]here's been case law that came up since I was sentenced that makes [section] 243[, subdivision ](d), battery with serious bodily injury, it's not a [s]trike according to the Supreme Court any more [*sic*] because it's not equivalent to great bodily injury." The trial court indicated that issue was not before the court, as it had previously made a true finding sustaining the prior strike conviction. Defense counsel advised the court that defendant was referring to *Cabrera*, which had been filed on March 2, 2023. Counsel indicated he had reviewed the case and did not think there were any arguments he could make on that issue since the trial court had already decided the factual issue. The trial court incorporated into the record its prior findings on the issue of whether defendant's battery with serious bodily injury qualified as a strike conviction and imposed an indeterminate term of 27 years to life, plus 10 years.

Defendant appeals.

DISCUSSION

I

*Defendant's Claim Is Forfeited*

Defendant contends the trial court erred in imposing a Third Strike sentence because, under *Cabrera*, his prior conviction for battery with serious bodily injury is not a serious felony under section 1192.7, subdivision (c)(8). We asked for supplemental briefing on whether this claim was forfeited by defendant's failure to raise the claim in his original appeal. (*People v. Senior* (1995) 33 Cal.App.4th 531, 534-538.)[6] In response, defendant contends that prior to his December 2022 sentencing, it was "manifest" that battery with serious bodily injury was a serious felony; thus, the failure to argue the claim in his 2022 appeal "was prompted by a long history of case law suggesting the futility of such an argument." He claims that the issuance of *Cabrera* represented a "sea change of the law." Defendant continues that *Senior*'s concern for judicial economy should not prevent him from seeking to prevent a fundamental miscarriage of justice where, as here, it is legally impossible that battery with serious bodily injury could qualify as a prior strike. The People argue the claim is forfeited.

" ' " '[A] constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) An issue not raised in a prior appeal is forfeited in a subsequent appeal where "(1) the issue was ripe for decision by the appellate court at the time of the

---

[6]     " '[W]aiver is the "intentional relinquishment or abandonment of a known right." ' " (*North American Title Co. v. Superior Court* (2024) 17 Cal.5th 155, 178.) " '[F]orfeiture is the failure to make [a] timely assertion of a right." ' (*Ibid*.) Although *Senior* uses the term "waiver," it is more accurate to characterize the issue as whether a defendant forfeits the right to raise the claim by failing to raise it in the prior trial. Accordingly, we shall refer to the issue as one of forfeiture. (*People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9.)

previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*People v. Senior*, *supra*, 33 Cal.App.4th at p. 538.)

Defendant has not offered any reasonable justification for the delay in raising this claim. All the factual and legal predicates upon which his present claim rests were present at the time of his initial appeal. (*People v. Senior*, *supra*, 33 Cal.App.4th at p. 538.) Whether defendant's conviction for serious bodily injury qualified as a prior strike conviction was specifically argued at his December 2022 sentencing. In addition, our Supreme Court granted review in *Cabrera* on December 15, 2021, (*In re Cabrera* (S271178) order granting petition for review Dec. 15, 2021) and issued its decision on March 2, 2023. (*Cabrera*, *supra*, 14 Cal.5th 476.) Defendant filed his opening brief in his original appeal on March 22, 2023, and filed a supplemental brief on June 28, 2023. To the extent *Cabrera* represented a "sea change" in the law, it was a change that was apparent well before the appellate briefs were filed in defendant's original appeal. Despite this fact, appellate counsel did not raise the issue in the original appeal. The issue was ripe for consideration in defendant's original appeal, there has been no change in the underlying facts or applicable law, and defendant has offered no reasonable justification for the delay. Accordingly, this claim is not cognizable in this appeal.

We are also not persuaded by defendant's argument that in this case, the interests of judicial economy should give way to prevent a miscarriage of justice, based on his claim of legal impossibility. The term " 'legal impossibility' " means "as a matter of law, the statute under which the defendant is charged does not prohibit [the defendant's] conduct." (*People v. Jerome* (1984) 160 Cal.App.3d 1087, 1094.) In the specific context of the constitutional right to a jury under *Apprendi v. New Jersey* (2000) 530 U.S. 466, *Cabrera* concluded that a finding of serious bodily injury did not *necessarily* establish a great bodily injury under section 1192.7, subdivision (c)(8). (*Cabrera*, *supra*, 14 Cal.5th at pp. 482, 487.) *Cabrera* did not determine that, as a matter of law, battery with serious

7

bodily injury could not constitute a strike. Rather, whether an injury satisfies the definition of great bodily injury is a factual question to be determined on a case-by-case basis. (*Id*. at p. 487.) Therefore, it is not a legal impossibility that defendant's conduct qualified as a strike.

To the extent defendant wishes to raise a claim of ineffective assistance of appellate counsel for failing to challenge the trial court's findings that defendant's prior conviction qualified as a strike, that claim must be raised in a postappeal habeas corpus petition. (See *In re Hampton* (2020) 48 Cal.App.5th 463, 474, citing *In re Harris* (1993) 5 Cal.4th 813, 834; *In re Banks* (1971) 4 Cal.3d 337, 343.)

II

*Clerical Error In Abstract of Judgment Must Be Corrected*

In our review of the record, we noticed a clerical error in the second amended abstract of judgment. The abstract of judgment lists an incorrect case number, 62-184146. The correct case number is 62-185347. We direct the trial court to correct this clerical error. (*People v. Mitchell* (2001) 20 Cal.4th 181, 185, 109.)

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BOULWARE EURIE, J.

9